Sol Wachtler, J.
 

 This is an action for declaratory judgment.
 

 During the month of November 1966, the defendant Scibelli, who was an employee of the defendant Dilbert’s Quality Supermarkets, was the operator of a motor vehicle owned by the defendant Brothers Truck Rental Co., Inc. He was in the process of loading meat at the premises of the plaintiff Edmund Mayer, Inc., together with an employee of the said plaintiff, when in the course of the loading operation the meat came in contract with Mr. Scibelli causing him ,to sustain certain injuries. These facts have been conceded by both parties for the purposes of this action.
 

 At the time of the accident, Firemen’s Fund Insurance Company insured the plaintiffs under a general liability policy, while the defendant Aetna Casualty
 
 &
 
 Surety Company insured the defendant Brothers Truck Rental Co., Inc., under an automobile liability insurance policy.
 

 It is the claim of the plaintiffs that since the accident occurred during the course of loading and/or unloading operations the coverage afforded under the vehicle policy issued by the defendant Aetna Casualty & Surety Company should afford the protection of indemnification for the plaintiff.
 

 The defendant Aetna Casualty
 
 &
 
 Surety Company relies on the exclusion clause contained in the policy which, it contends, deprives the plaintiffs of any such coverage. The exclusion clause reads as follows:
 

 “It is agreed that the insurance for Automobile Bodily Injury Liability and Automobile Property Damage Liability does not apply to injury, sickness, disease, death or destruction which arises out of the loading or unloading of an automobile,
 
 *84
 
 if the accident occurs on premises (including the ways immediately adjoining) owned, rented or controlled either by the person or by the employer of the person against whom claim is made or suit is brought for such injury, sickness, disease, death or destruction. This limitation does not apply with respect to claims made or suits brought against the following Insureds:
 

 “ (a) the named Insured or, if the named Insured is an individual, his spouse, if a resident of the same household;
 

 “ (b) a bailee or borrower of the automobile or an employee of either of them or of the named Insured;
 

 “ (c) if the named Insured is classified and rated as a truck-man, any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named Insured or for others; subject nevertheless to the limitations of any endorsement made a part of the policy and specifically applicable to truckmen;
 

 “(d) any other person or organization but only with respect to his or its liability because of acts of omissions of an Insured under (a), (b) or (c) above.”
 

 This clause was originated by the Insurance Forms Committee of the National Bureau of Casualty Underwriters and the Mutual Bating Bureau and has been attached to automobile policies written on or after December 1, 1963. Prior to the promulgation of this form of endorsement there was constant confusion with respect to the loading and unloading clause found in the standard automobile liability policy. This confusion resulted in extensive litigation with the vast majority of cases dealing with the question of whether an accident occurred during the loading or unloading of the vehicle.
 

 The early cases embraced the theory that the unloading operation includes the removal of the articles from the vehicle to the point where the article was first set down. The completed operation rule later developed which permitted the courts to extend coverage to loading and unloading activities performed by a general liability policy holder or his employees with the permission of an insured automobile owner.
 
 (Wagman
 
 v.
 
 American Fid. & Cas. Co.,
 
 304 N. Y. 490.) It was the result of such extensions of the liability theory which necessitated the new policy endorsement intended to limit liability both as to scope and to the interests affected.
 

 Apparently the new endorsement has served its purpose in clarifying the loading and unloading provision and in eliminating the multiplicity of suits arising therefrom. For this reason there appears to be no case in this, or other jurisdictions
 
 *85
 
 placing a judicial interpretation on the exclusion clause at har.
 

 It is the contention of the plaintiff herein, the person against whom the claim is being made, that the exclusion clause by its wording does not apply where the insured is “ classified and rated as a truckman ”. There can be no doubt that the insured in this action is a truckman. If this contention were sustained, then the loading and unloading provision of the defendant Aetna would provide coverage for the plaintiff. The difficulty arises, however, when the remaining portion of subdivision (c) is read. The plaintiff would have this portion of the subdivision construed as a mere delineation of additional persons to which the exclusion does not apply.
 

 The court does not adopt this construction. An analysis of the entire limitation indicates that the draftsman of the provision intended that the exclusion would not apply, in the event the insured is a truckman, as to any claim made against any person engaged in transporting property by automobile for the insured. In other words, if the within claim were being made against the defendant Dilbert Quality Supermarkets (a person engaged in transporting property for the named insured or for others) such claim would be excluded. However, the claim is being made against the owner and the employee of the owner of the premises wherein the accident occurred and is not a person set forth after the introductory phrase in subdivision (c).
 

 It would appear that the very reason for the exclusion in the endorsement is to apply to situations where truckers are the named insured since it is just this type of insured who would be involved in loading operations at someone else’s premises.
 

 The plaintiff, in order to aid in the construction of the contract, has provided the court with a copy of a treatise of the Defense Research Institute in regard to the policy provision in issue. The plaintiffs urge that the limitation as to coverage is only applicable to the employer of the premises on which the accident happened and not to an employee. The treatise- would appear to sustain such contention.
 

 The court is of the opinion that the wording in this treatise is either in error or has been distorted in printing. The first paragraph of the exclusion is clear and leaves no doubt that if the accident happened, as it did, on the property of the plaintiff, Edmund Mayer, Inc., any claim made thereunder cannot be enforced under the coverage of the loading and unloading provisions of the defendant Aetna’s policy. It makes no distinction as to whether the claim is made against the owner or its employee.
 

 
 *86
 
 Accordingly, it is the finding of the court that the claim of the defendant Scibelli is excluded from the coverage afforded by the policy of the defendant Aetna by virtue of the provisions of the subject loading and unloading exclusion endorsement. The complaint is dismissed.